UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>    v.<br><br>BRETT COMBS,<br><br>                            Defendants. | Case No. 2:10-cr-00173-KJD-RJJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Conviction Pursuant to 28 U.S.C. § 2255 (ECF #291). Having reviewed the motion, the Court finds that a government response is not necessary.

I.      Factual and Procedural Background

Defendant Brett Combs ("Combs") was indicted on April 20, 2010 and charged with possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (ECF #1). On April 27, 2011, Combs's trial concluded when a jury found him guilty. (ECF #97). Combs's first few sentences were vacated on appeal, and he was resentenced on May 27, 2014, December 18, 2015, and May 26, 2017. (ECF #275). The final sentence was for 63 months in custody with 48 months to be served consecutively to his state case, followed by three years of supervised release. (ECF #275). Combs was released from custody on May 17, 2021. FIND AN INMATE, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited May 12, 2022). Combs filed this motion on May 21, 2020 and on May 3, 2021 informed the Court that the his appeal was ruled on, indicating that he did not need authorization to challenge the amended judgment. (ECF #293).

II.     Legal Standard

Title 28 U.S.C. § 2255 allows a defendant in federal custody to challenge his conviction

on the grounds that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Though § 2255 allows certain collateral attacks to a judgment of conviction, it is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

The Court assumes that a judgment of conviction is valid once a defendant has waived or completed his appeal. Id. For that reason, the United States need not respond to a § 2255 petition until ordered to do so. Rule 4(b) of the Rules Governing § 2255 Petitions requires the Court to promptly review each § 2255 petition. If the Court cannot summarily dismiss the petition, it must order the United States attorney to respond. After reviewing the government's response, the Court must hold an evidentiary hearing unless the record makes clear that the petitioner is not entitled to relief. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988). Alternatively, the Court may dismiss the petition without response or hearing if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)).

    III.    Analysis

Combs argues that the Supreme Court's decision in Rehaif v. United States makes his sentence invalid. 139 S. Ct. 2191 (2019). In Rehaif, the defendant was in the United States on a nonimmigrant student visa. Id. at 2194. After earning poor grades, the university dismissed Rehaif and told him that his "immigration status" would be terminated unless he transferred to a different school or left the country. Id. He then visited a shooting range where he shot two guns. Id. He was convicted for possessing the firearms under 18 U.S.C. § 922(g) and 924(a)(2). Id. The Supreme Court reversed the appellate court's ruling affirming Rehaif's conviction and held that

the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. Combs argues that his indictment was insufficient because it did not allege that he knew that his prior conviction was punishable by more than one year of imprisonment or of his prohibitive firearm status. Because the indictment did not satisfy the new Rehaif requirements, Combs argues that the Court did not have jurisdiction to try him and that his Fifth and Sixth Amendment rights were violated. Other courts in the district have ruled on similar cases and denied the arguments Combs makes. This Court joins the others and denies Combs's motion.

### A. Jurisdiction

Combs's argument that the indictment was insufficient and thus deprived the Court of jurisdiction has been rejected multiple times in this district. See e.g., United States v. Beale, No. 2:17-cr-00050-JAD-CWH-1, 2021 WL 325713 (D. Nev. Feb. 1, 2021); United States v. Waters, No. 2:15-cr-00080-JCM-VCF, 2021 WL 1738979 (D. Nev. May 3, 2021); United States v. Frazier, No. 2:15-cr-00044-GMN-GWF-1, 2021 WL 1519502 (D. Nev. Apr. 16, 2021); United States v. Simon, No. 2:13-cr-00148-JAD-GWF-2, 2021 WL 327634 (D. Nev. Feb. 1, 2021); United States v. Frederick, No. 2:16-cr-00235-KJD-CWH, 2021 WL 2346001 (D. Nev. June 8, 2021). These courts are consistently finding that indictments that did not meet the Rehaif mens rea requirement prior to the Rehaif decision did not strip the court of jurisdiction. "The Ninth Circuit, other circuits, other judges within this district, and this court have repeatedly affirmed that an indictment's 'omission of the knowledge[-]of[-]status requirement d[oes] not deprive the district court of jurisdiction." Beale, 2021 WL 325713, at *2 (alterations in original). This Court agrees with the other courts in the district and circuit. As the Supreme Court has held, "defects in an indictment do not deprive a court of its power to adjudicate a case." United State v. Cotton, 533 U.S. 625, 630 (2002). Combs's indictment did not strip this Court of jurisdiction.

### B. Procedural Default

Combs next argues that the indictment's deficiency violated his Fifth and Sixth Amendment rights. Combs did not make this argument on direct appeal, and as such, the argument is procedurally defaulted. "When a criminal defendant could have raised a claim of

error on direct appeal but nonetheless failed to do, he must demonstrate either cause excusing his procedural default and actual prejudice resulting from the claim of error, or actual innocence." United States v. Beale, No. 2:17-cr-00050-JAD-CWH, 2021 WL 325713, at *2 (D. Nev. Feb. 1, 2021) (internal quotations omitted). "A petitioner can overcome procedural default if he can show cause and prejudice or actual innocence." United States v. Mosz, No. 2:15-cr-219-JCM-VCF, 2021 WL 1700044, *2 (D. Nev. April 29, 2021) (citing United States v. Braswell, 501 F.3d 1147, 1149 (9th Cir. 2007)). Combs's appeal appears to have focused on the vindictiveness of the Court. (ECF #284). Even though Combs did not challenge the sufficiency of the indictment on direct appeal, "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." Id. (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). The Rehaif decision is such a claim. As such, Combs has cause for failing to raise the issue on direct appeal and need only show that he was prejudiced by the indictment. Id. Combs cannot show such prejudice.

Courts in the district are finding that prejudice does not exist when it is unlikely that a defendant did not know that he had been convicted of a crime punishable by a term of imprisonment of one year. "To prove a felon-in-possession charge, the government's obligation is not "burdensome,' and it may be inferred from circumstantial evidence." Id. at *3 (quoting Rehaif, 139 S. Ct. at 2198). If it is likely that Combs knew he had been convicted of a felony before, then it is unlikely that the indictment prejudiced him in any way, as the outcome would have been the same. It is substantially more likely than not that Combs knew he was in the class of persons prohibited from owning a firearm. At the time of Combs's arrest, he was on parole for a different felony conviction. (PSR at 10). In 2000 Combs was charged with burglary. Id. at 7. He was sentenced to a minimum of 24 months and maximum of 72 months. Id. Combs's plea agreement got the burglary dismissed, his sentence was suspended, and he was given probation for up to 48 months, restitution, and house arrest for 180 days. Id.  In 2007, Combs was convicted again: two counts of burglary and one count of ex-felon in possession of a firearm. Id. at 8. Both are felonies. The sentence range for those charges was 16 months to 72 months for the

burglary counts, to be served concurrently, and 16 months to 72 months in prison with 72 days of credit for time served for the ex-felon in possession of a firearm charge. Id. The very fact that Combs had previously been convicted of an ex-felon in possession of a firearm charge indicates that he knew he was in the class of persons prohibited from owning a firearm. Additionally, Combs was represented by counsel in each of those instances, minimizing the chances that he did not know that those felonies carried a possible term of imprisonment of more than one year. Therefore, Combs cannot show that he was prejudiced by the insufficient indictment and his claims are procedurally defaulted.

### C. Certificate of Appealability

Combs's argument has been repeatedly denied in this district and in the Ninth Circuit. To appeal, Combs would need a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). Such certificates are issued when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (internal quotation omitted). The Court finds that, with the number of cases similarly denying these exact arguments, a certificate of appealability is not warranted.

Having reviewed Combs's motion, the Court finds that there was no fundamental defect in his conviction that resulted in a complete miscarriage of justice. Therefore, the motion is denied.

//
//
//
//
//
//
//
//
//

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Conviction (ECF #291) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Lift Stay (ECF #293) is **DENIED as moot**.

IT IS FINALLY ORDERED that the government's Motion for Leave to Advise the Court (ECF #294) is **DENIED as moot.**

Dated this 12th day of May, 2022.

_____
Kent J. Dawson
United States District Judge